UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELCHOR KARL T. LIMPIN,<br><br>                                      Plaintiff,<br><br>v.<br><br>United States of America, U.S. Attorney's Office for the Southern District of California, and U.S. Attorney General Civil Division,<br><br>                                      Defendants. | Case No.:  25-cv-2162-RSH-MSB<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>[ECF No. 2] |

On August 21, 2025, plaintiff Melchor Karl T. Limpin, proceeding pro se, filed this civil action against the United States. ECF No. 1. Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. §1915(a). ECF No. 2.

## I.    MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire

---

[1]    In civil actions except for applications for a writ of habeas corpus, civil litigants bringing suit must pay the $350 statutory fee in addition to a $55 administrative fee. *See*

1

fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid."). Under 28 U.S.C. § 1915(a), the court may authorize the commencement of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F. 3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Plaintiff's IFP motion is not accompanied by a supporting affidavit as required. The motion recites that an affidavit is attached, but Plaintiff may have inadvertently failed to submit the affidavit. Ordinarily, the Court would deny the IFP motion without prejudice to Plaintiff refiling the motion and attaching a signed and completed "Application to Proceed in District Court Without Preparing Fees or Costs (Long Form)," available on the Court's website. As discussed below, however, the Complaint here is subject to dismissal without leave to amend.

---

28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14). However, the $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

## II.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### A.    Legal Standard

When reviewing an IFP application, the Court must also review the underlying complaint to determine whether it may proceed. A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal should the Court determine, inter alia, that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under [28 U.S.C.] § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure [("Rule")] 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.* at 678–79. Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. (citation omitted). Finally, while the "court[ ] must construe pro se pleadings liberally," *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B.    Plaintiff's Prior Qui Tam Action

On March 3, 2023, Plaintiff filed a qui tam action in this Court pursuant to the False Claims Act, 31 U.S.C. § 3729 *et seq.*, *United States ex rel. Limpin v. Newsom et al.*, No.

23-cv-399 DMS AGS (S.D. Cal.), Dkt. No. 1 (Complaint). On August 23, 2023, the United States filed notice that it was declining to intervene in the lawsuit. Dkt. No. 16. In that filing, the United States noted that the False Claims Act generally permits a relator to maintain an action in the name of the United States following declination, but that here the plaintiff was proceeding pro se; and courts have not permitted pro se relators to prosecute qui tam actions under the False Claims Act. *Id.*

On October 24, 2024, the Court dismissed Plaintiff's qui tam complaint. The Court explained:

> The FCA permits private citizens to bring qui tam actions with certain limitations. The United States is the real party in interest in such actions. *United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 720 (9th Cir. 1994). The United States declined to intervene in this action. (ECF No. 16 at 1.) Because the Court has declined Mr. Limpin's request for appointment of counsel, Mr. Limpin remains a pro se litigant. The government argues that a pro se litigant may not prosecute a qui tam action against the United States. (Government's Opposition to Defendant's Motion ("Govt. Opp'n"), ECF No. 24, at 5.) This Court agrees. Non-attorneys may not represent the United States for "qui tam realtors are not prosecuting only their 'own case' but also representing the United States and binding it to any adverse judgment the realtors may obtain." *Id.* (quoting *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1127–28 (9th Cir. 2007)). Plaintiff, appearing pro se, cannot prosecute this qui tam action against the United States.

Dkt. No. 28.

The United States thereafter filed a motion to dismiss the action. Dkt. No. 24. Plaintiff filed an opposing brief. Dkt. No. 26. The Court therefore dismissed the action. Judgment was entered on October 25, 2024. Dkt. No. 29. Plaintiff thereafter moved for reconsideration, which the Court denied. Dkt. Nos. 31, 35.

Plaintiff appealed. Dkt. No. 36. On January 23, 2025, the U.S. Court of Appeals denied Plaintiff's motion to proceed in forma pauperis and dismissed his appeal as frivolous. Dkt. No. 41.

4

1    **C.    The Complaint**

2        The Complaint in the instant action alleges that the United States acted wrongfully

3    in Plaintiff's earlier qui tam action by declining to intervene, by not investigating, and by

4    advising the Court that under applicable law Plaintiff was unable to bring a qui tam action

5    pro se. ECF No. 1 ¶¶ 10, 15. Plaintiff alleges that the United States thereby deprived him

6    of his due process rights by preventing him from obtaining the reward he would have

7    received by prevailing at trial on behalf of the United States. *Id.* ¶ 10. Plaintiff also alleges

8    that the United States' acts amounted to abuse of process. *Id.* ¶ 17.

9        To state a procedural due process claim, plaintiffs must allege facts showing: (1) a

10    deprivation of a constitutionally protected liberty or property interest, and (2) a denial of

11    adequate procedural protections. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).

12    Plaintiff has no constitutionally protected liberty or property interest in whether the United

13    States chooses to intervene in a qui tam action; that decision is expressly reserved by statute

14    for the United States. *See* 31 U.S.C. § 3730(c)(3) ("If the Government elects not to proceed

15    with the action, the person who initiated the action shall have the right to conduct the

16    action"); *Bruzzone v. U.S. Attorney of N. Cal. Dist.*, No. 22-cv-6412-HSG, 2023 WL

17    5239639, at *3 (Aug. 15 2023 N.D. Cal.) ("[T]he False Claims Act does not require the

18    Government to intervene in a qui tam action: it specifically states that the Government may

19    elect not to proceed with an action."). Even if Plaintiff were to have some constitutionally

20    protected interest in the qui tam lawsuit itself, he unquestionably received adequate

21    procedure: this Court's adjudication that the qui tam case was subject to dismissal. Indeed,

22    in unsuccessfully opposing dismissal, Plaintiff made arguments then that are similar to the

23    allegations he makes in his Complaint here: that the United States failed to fully investigate

24    his qui tam complaint and deprived him of due process. Case No. 23-cf-399, Dkt. No. 26

25    at 1-2, 9-10. The Court dismissed the case. As the order reflects, the dismissal was not

26    based on the say-so of the United States, but rather on applicable law. Dkt. No. 28 at 4-5.

27    Plaintiff received additional process by moving to reconsider in the district court, and by

28    appealing, both of which requests were also rejected by the respective courts. Plaintiff fails

1    to state a due process claim.

2    "The tort of abuse of process arises when one uses the court's process for a purpose

3    other than that for which the process was designed." *Brown v. Kennard*, 94 Cal. App. 4th

4    40, 44 (Ct. App. 2001). "To succeed in an action for abuse of process, a litigant must

5    establish two elements: that the defendant (1) contemplated an ulterior motive in using the

6    process; and (2) committed a willful act in the use of the process not proper in the regular

7    conduct of the proceedings." *Id.* "A showing of malice, whether express or implied, is

8    required." *Slaughter v. Legal Process & Courier Serv.*, 162 Cal. App. 3d 1236, 1247 (Ct.

9    App. 1984)). "The gist of the tort is the *misuse* of the power of the court: It is an act done

10   under the authority of the court for the purpose of perpetrating an injustice, i.e., a perversion

11   of the judicial process to the accomplishment of an improper purpose." *Younger v.*

12   *Solomon*, 38 Cal. App. 3d 289, 297 (Ct. App. 1974) (emphasis in original). Generally, such

13   an action "lies only where the process is used to obtain an unjustifiable collateral

14   advantage." *Id.* Here, there was no misuse of the power of the court, either in the United

15   States exercising its statutory prerogative by declining to intervene, or in the United States

16   citing legal authority to the Court. Plaintiff fails to state a claim for abuse of process.

17   The Complaint here not only fails to state a claim, but indeed is frivolous. As the

18   Court previously explained to him, he was not and is not entitled to pursue a qui tam action

19   pro se. This result was affirmed by the U.S. Court of Appeals. The instant lawsuit is

20   effectively an attempt to resuscitate the same defective claim, but to recover against the

21   United States instead of the defendants whom Plaintiff initially sued.

22   "A district court should not dismiss a pro se complaint without leave to amend unless

23   'it is absolutely clear that the deficiencies of the complaint could not be cured by

24   amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v.*

25   *Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988)). It is clear to the Court that no amendment

26   to the Complaint would cure the deficiencies identified herein. The Court denies leave to

27   amend.

28

25-cv-2162-RSH-MSB

**III.    CONCLUSION**

For the foregoing reasons, Plaintiff's motion to proceed IFP [ECF No. 2] is **DENIED**. Upon determination that the Complaint fails to state a claim and is frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B) the Court **DISMISSES** the Complaint without leave to amend. The Clerk is directed to close the case.

**IT IS SO ORDERED**.

Dated:  August 27, 2025

_____
Hon. Robert S. Huie
United States District Judge

25-cv-2162-RSH-MSB